# CIRCUIT COURT OF NELSON COUNTY

Nelson County

v.

Horizons, L.L.C., et al.

October 15, 2003

Case No. CH01-000091-01

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion for summary judgment. In this regard, summary judgment is granted to Nelson County, and Horizons, L.L.C., is directed to secure an Erosion and Sediment (E&S) Permit for Phase II, post an E&S bond for Phase II in accordance with § 9-56 of the Nelson County Code, and post a road and construction bond for Phase II in accordance with § 4-2(B) and (C) of the Nelson County Code. A mandatory injunction will issue directing Horizons, L.L.C., to meet these requirements.

Summary judgment is denied on the other issues in the motion for summary judgment. These are factual issues which must be resolved at trial. In particular, the issue of whether the roads in Phase I have been completed in accordance with the ordinances is a factual issue. If the roads have been completed, there is no need for a road construction bond. Likewise, the issues of violations of the code, fines, directives to complete work on the roads and E&S requirements, and the issue of a settlement are all factual issues which must be resolved at trial.

For purposes of the summary judgment motion there are a number of undisputed facts in this case. The defendants admit that no E&S bond or road construction bond has been posted for Phase II. Further, it is not contested that no E&S permit has been specifically issued for Phase II. The defendants admit in their answer to the bill of complaint and answers to interrogatories that these bonds have not been posted for Phase II and this permit has not been

issued for Phase II. The defendants maintain that the E&S and road construction bonds have either been satisfied by the posting of the original E&S bond for Phase I, or Nelson County has waived the requirement for these bonds. The defendants further maintain that the E&S permit for Phase II is covered by the E&S permit for Phase I.

An E&S permit is clearly required under Code § 9-56 of the Nelson County Code. Likewise, this code section requires that an E&S bond be posted. A road construction bond is required pursuant to §§ 4-2(B) and 4-2(C) of the Nelson County Code. Ordinances which are legislatively enacted by a political jurisdiction cannot be waived. *Dick Kelly Enters. v. City of Norfolk*, 243 Va. 373, 382, 416 S.E.2d 680 (1992). Governmental officials cannot bind a jurisdiction by an incorrect interpretation of an ordinance. *Wolfe v. Board of Zoning Appeals of Fairfax County*, 260 Va. 7, 19, 532 S.E.2d 621 (2000).

The answers to interrogatories furnished by Nelson County certainly indicate that Nelson County has waived bonding requirements in the past. Even though county officials may have waived these bonding requirements in the past, this does not constitute a waiver of the ordinances as they apply to the defendant. The ordinances can only be changed by legislation and not by an implicit waiver. *Commonwealth v. Washington Gas Light Co.*, 221 Va. 315, 323, 269 S.E.2d 820 (1980).

An examination of the erosion and sediment control bond issued on April 8, 1987, establishes that this bond only applied to Phase I. The Board of Supervisors of Nelson County approved Phase I on April 2, 1997. Accordingly, the only phase upon which the bond was issued was for Phase I. Likewise, the E&S permit issued by Nelson County clearly only applied to Phase I. It was the only phase in existence at that time. The surety on the bond certainly could not be held responsible for phases which were not approved by the Board of Supervisors at the time that the bond and permit were issued. Therefore, the argument of the defendants that the original E&S bond covers the bonding requirements for Phase II fails.

Mandatory injunctions are appropriate in Virginia. *Bradlees Tidewater, Inc. v. Walnut Hill Investment, Inc.*, 239 Va. 468, 472-73, 391 S.E.2d 304 (1990). Although the court in *Bradlees Tidewater* reversed the trial court award of a mandatory injunction on the grounds that irreparable harm was not proven, the court noted that a mandatory injunction may issue when there is a "statutory backdrop." *Id.* at 473. See also *Southern Ry. v. Franklin & P. RR.*, 96 Va. 693, 700, 32 S.E. 485 (1899). Further, Va. Code § 15.2-2208 grants the authority to restrain, correct, or abate by injunction any violation of zoning and subdivision laws adopted by either statute or regulation.

I direct that the bonds for Phase II be posted by December 1, 2003. I will leave it to the appropriate Nelson County officials to set the bonds.